```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____ :
                               :
JAMES K. FORD,                 :
                               : Civil Action No. 12-1086 (JAP)
          Plaintiff,           :
                               :
     v.                        : **MEMORANDUM OPINION**
                               :
THE STATE OF NEW JERSEY,       :
et al.,                        :
                               :
          Defendants.          :
_____ :
_____ :

APPEARANCES:

Plaintiff pro se
James K. Ford
77416
PO Box 3000
Somerville, NJ 08876

**PISANO**, DISTRICT JUDGE

   Plaintiff, a prisoner at Somerset County Jail in Somerville, New Jersey has submitted a pro se complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. He seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

                              **BACKGROUND**

   Plaintiff's Complaint alleges that Defendants interfered with his legal mail while he was incarcerated at Somerset County Jail. He claims that Defendants' conspiracy to open his legal

mail was part of a plan to provide the Somerset County Prosecutor's Office with information.

## **DISCUSSION**

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Dismissals for frivolousness of civil actions or appeals prior to the passage of the PLRA count as "strikes" under 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).

A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of filing of the

complaint; a showing of danger in the past is insufficient to demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals that Plaintiff has filed three previous civil actions in the District of New Jersey, in which in forma pauperis status had been granted and which have all been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A.  See Ford v. Vanhise, et al., Civil No. 11-7200 (JAP); Ford v. Bergen County Prosecutor's Office, Civil No. 12-574 (JAP); Ford v. The State Of New Jersey, Civil No. 12-708 (JAP).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g), and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury," which would excuse him from the restrictions under § 1915(g).

In his Complaint, Plaintiff makes no allegations or claims of "imminent danger."  Rather, the claims made in this Complaint all stem from alleged opening of his legal mail as part of a conspiracy with the Somerset County Prosecutor's Office.  As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm.  See Abdul-Akbar, 239 F.3d at 312.  Plaintiff alleged nothing to

3

indicate that he is in "imminent danger." Therefore, Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendants have violated any state or federal law, or otherwise violated Plaintiff's constitutional rights. However, this Court finds that Plaintiff has not demonstrated the "imminent danger" sufficient to override the "three strikes" requirement of 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied pursuant to 28 U.S.C. § 1915(g). As set forth in the accompanying Order, Plaintiff's case will be administratively terminated. Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.

        /s/ Joel A. Pisano
        Joel A. Pisano
        United States District Judge

Dated: July 31, 2012